# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| COREY E. TURNER, SR., ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 1:16-CV-00130-JAR |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Movant Corey Turner, Sr.'s motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Doc. No. 1). The Government filed a Response (Doc. No. 6), and Movant filed a Reply (Doc. No. 7). Movant also filed several supplemental memoranda in support of his motion. (Doc. Nos. 17, 23, 26, 30). The matter is, therefore, ready for disposition.

## I. Background[1]

On August 8, 2011, a Grand Jury in the Eastern District of Missouri, Southeastern Division, returned a 21-count indictment against Movant and multiple other defendants, charging them with various violations related to the distribution of, or possession with intent to distribute, cocaine base, including conspiracy. Movant and two other co-defendants stood trial on April 8, 2013. The jury returned its verdict on April 12, 2013, finding each defendant guilty of all pending charges.

A Presentence Investigation Report ("PSR") was prepared by the United States Probation Office. In Movant's PSR, the base offense level was 38 pursuant to U.S.S.G. § 2D1.1(c)(1), as

---

[1] The underlying criminal proceedings can be found at *United States v. Turner*, 1:11-cr-00103-JAR-10.

the offense involved more than 8.4 kilograms of cocaine base. The recommendation contained in the PSR was a four-level enhancement for Movant for being a leader, organizer, or manager of a criminal activity with more than five participants and a two-level enhancement for obstructing justice.[2] These enhancements raised his total offense level to 44, but that level was reduced to 43—the maximum total offense level.

On July 11, 2013, the Court conducted a sentencing hearing for Movant. The Court adopted a total offense level of 43 and a criminal history category of V, yielding a guideline range of life imprisonment on Count I, which is the subject of this habeas petition.

Movant filed a direct appeal, and the Eighth Circuit affirmed Movant's sentence on March 18, 2015. *United States v. Turner*, 781 F.3d 374 (8th Cir. 2015). His request for rehearing en banc was denied on May 29, 2015, and his request for certiorari review by the United States Supreme Court was also denied.

Movant alleges eight grounds for relief, all based on ineffective assistance of trial counsel, as follows: (1) counsel did not challenge the sufficiency of the Grand Jury indictment for Count I; (2) counsel did not object to the Government's failure to charge facts essential to his punishment, thereby violating Movant's Fifth Amendment right to prepare a defense; (3) counsel failed to challenge the district court's imposition of a life sentence based on prior convictions without such a factual finding by a jury, in violation of *Alleyne v. United States*, 570 U.S. 99, 117 (2013); (4) counsel did not request that the jury make specific factual findings as to the amount of cocaine involved in his conspiracy for sentencing purposes; (5) counsel did not object at the sentencing hearing when the Court failed to make an individualized finding as to Movant's drug quantity for relevant conduct; (6) counsel was ineffective for failing to object to the Court's lack

---

[2] The PSR also included a two-level enhancement for using a person under the age of 18. However, the Court later sustained Movant's objection to that enhancement.

of jurisdiction to impose a sentence based on drug quantity without an individualized finding that the mandatory minimum drug quantity "triggering amount" was attributable to Movant; (7) counsel did not argue that the Court was without jurisdiction and was violating Separation of Powers principles when it issued an order allowing Movant's cell phone to be tracked; and (8) counsel did not call co-defendants as witnesses at Movant's trial.

## II.   Standard of Review

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek habeas relief "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). In order to obtain relief under § 2255, a movant must establish a constitutional or federal statutory violation constituting "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Gomez*, 326 F.3d 971, 974 (8th Cir. 2003) (quoting *United States v. Boone*, 869 F.2d 1089, 1091 n.4 (8th Cir. 1989)).

A criminal defendant has a Sixth Amendment right to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To succeed on his ineffective assistance of counsel claims, Movant must demonstrate (1) that his counsel's performance "fell below an objective standard of reasonableness," and (2) "that the deficient performance prejudiced the defense." *See id.* at 687-91. In measuring counsel's performance, courts apply "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* (citation omitted).

To prove the second prong of an ineffective assistance of counsel claim, there must exist "a reasonable probability that, but for counsel's unprofessional errors, the result of the

3

proceeding would have been different." *Id.* at 687, 690, 694. Consequently, counsel is not ineffective for failing to file a motion or make an objection that would not have succeeded because the petitioner was not actually prejudiced. *Williams v. United States*, No. 4:15-CV-01651-AGF, 2019 WL 330469, at *1 (E.D. Mo. Jan. 25, 2019)) (citing *United States v. Johnson*, 707 F.2d 317, 323 (8th Cir. 1983)).

### III. Discussion[3]

#### A. Deficiencies in the Indictment (Claims 1 and 2)

Movant alleges that Count I of the superseding indictment was defective because it did not include the essential element that Movant "knowingly or intentionally joined" an existing conspiracy. Movant focuses his challenge on the absence of the word "join" in the superseding indictment, arguing that as a result, Movant was not put on notice of the charges and prevented him from mounting an effective defense. Specifically, Movant intended to introduce evidence that he was incarcerated from September 2009 until August 2010, and therefore could not have been involved in the formation of a conspiracy. Movant also contends that the Government presented evidence of eighteen drug transactions, which the Government argued formed the basis of Movant's conspiracy charge. He asserts that because these transactions were not charged in the superseding indictment or referenced in the conspiracy count, they fell outside the scope of the charge.

Federal Rule of Criminal Procedure 7(c)(1) requires that an indictment be a "plain, concise, and definite written statement of the essential facts constituting the offense charged." "An indictment is sufficient 'if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient

---

[3] The Court notes that Movant's claims are lengthy, and the issues overlap significantly. Therefore, the Court will address Movant's claims by topic, rather than by individual claim.

4

information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution.'" *United States v. Summers*, 137 F.3d 597, 601 (8th Cir. 1998) (quoting *United States v. Wessels*, 12 F.3d 746, 750 (8th Cir. 1993)). Further, an indictment is normally deemed sufficient if its language tracks the statutory language. *Hamling v. United States,* 418 U.S. 87, 117 (1974).

From the outset, the Court notes that "[i]t is a rare event that the validity or sufficiency of an information is subject to collateral attack on a § 2255 motion." *United States v. Young*, No. 94-108-CR-FTM-24D, 1997 WL 394903, at *9 (M.D. Fla. June 16, 1997) (citing *Roth v. United States*, 295 F.2d 364, 365 (8th Cir. 1961). Nevertheless, the Court concludes that the superseding indictment is sufficient. Count I of the superseding indictment states that

> in and around October 2009, through August 3, 2011 . . . [Movant and others] did knowingly and intentionally combine, conspire, confederate and agree with each other and persons known and unknown to the Grand Jury, to knowingly and intentionally distribute 5 kilograms or more of cocaine hydrochloride, a Schedule II narcotic controlled substance, in violation of Title 21, United States Code §§ 84(a)(1) and 846, and punishable under Title 21, United States Code § 841(b)(1)(A).

*United States v. Allen*, 1:11-cr-00103-JAR, ECF No. 1004. The statutory authority for that charge is set forth below:

> (a) Unlawful acts
>
> Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally –
>
> (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; or
>
> (2) to create, distribute, or dispense, or possess with intent to distribute or dispense, a counterfeit substance.

21 U.S.C. § 841(a).

> Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

21 U.S.C. § 846.

Here, the superseding indictment tracks closely with the underlying statutory language and fairly informed Movant of the charges against which he must defend. Thus, Movant's assertion that the indictment is defective has no merit.

Similarly, Movant's claim that he was deprived of the ability to mount a defense because the superseding indictment failed to specify that Movant joined an existing conspiracy (rather than starting one) is also meritless. The superseding indictment established only that the conspiracy occurred between October 2009, through August 3, 2011, not the date each defendant participated in the conspiracy. This is sufficient because time is not a material element of a conspiracy charge. *United States v. Turner*, 975 F.2d 490, 494 (8th Cir. 1992), *cert. denied*, 506 U.S. 1082 (1993). Therefore, Movant's assertion that he received ineffective assistance of counsel based on counsel's failure to object to the indictment on this basis is meritless. *Anderson v. United States*, No. 4:18 CV 1082 RWS, 2019 WL 1157410, at *3 (E.D. Mo. Mar. 13, 2019) (holding that counsel's failure to raise a meritless argument cannot constitute ineffective assistance).

Similarly, counsel cannot be found ineffective for failing to object to evidence related to Movant joining an existing conspiracy because a conspiracy conviction does not require that the defendant be a founding member of the criminal enterprise. Evidence that he merely participated in an ongoing conspiracy is sufficient and an objection to such evidence would have been futile.

Lastly, the fact that the superseding indictment did not contain allegations concerning each of the eighteen transactions does not render the indictment defective. "A variance between

an indictment and the Government's proof at trial occurs if the Government proves multiple conspiracies under an indictment alleging only a single conspiracy." *United States v. Slagg*, 651 F.3d 832, 841–42 (8th Cir. 2011). "If a variance is established, 'reversal is warranted only if the variance infringed a defendant's substantial rights.'" *Id.* (quoting *United States v. McGilberry*, 620 F.3d 880, 885 (8th Cir. 2010). "[O]ne conspiracy may exist despite the involvement of multiple groups and the performance of separate acts." *Id.* (citation omitted).

Here, upon careful consideration of the evidence presented at trial, the Court concludes that no variance exists between the superseding indictment and the evidence. The Government presented evidence of a single conspiracy that existed between the co-conspirators, and evidence of various transactions advancing the same conspiracy. Thus, Movant's claim that counsel was ineffective for failing to object to evidence that Movant believes establishes multiple conspiracies is meritless.

### B. Violations of *Alleyne v. United States* During Sentencing (Claims 2-6)

Movant asserts that his trial counsel was ineffective for failing to argue that his enhanced sentence violated the Supreme Court's decision in *Alleyne v. United States*, 570 U.S. 99, 117 (2013), which held that aggravating facts that increase a defendant's mandatory minimum sentence are elements of the crime which the government must prove beyond a reasonable doubt. Specifically, he claims that the Government needed to prove, and the jury needed to specifically find: (1) that he had prior convictions that could be used to enhance his sentence; (2) the existence of specific drug transactions that would later be considered aggravating factors to increase Movant's punishment above the mandatory minimum; and (3) the quantity of drugs attributed to Movant's conduct specifically. Movant believes that his counsel was ineffective for failing to object on these grounds.

In the underlying criminal lawsuit, Movant was convicted of conspiracy to possess with intent to distribute cocaine hydrochloride in the amount of five kilograms or more, which carries a mandatory sentencing range of ten years to life imprisonment. 21 U.S.C. § 841(B)(1)(A). However, the statute further provides that "If any person commits a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than [twenty] years and not more than life imprisonment . . ." *Id.*

On April 12, 2013, the Government filed a First Amended Information to Provide Notice of Enhanced Sentence pursuant to 21 U.S.C. § 851, based upon Movant's prior felony drug offense. The jury was not asked to make a factual finding that Movant had a prior qualifying felony drug conviction that made him eligible for an enhanced sentence, which Movant claims violates the decision of *Alleyne v. United States*. However, the *Alleyne* decision specifically stated that the fact of a prior conviction need not be decided by a jury. *Id.* at 111 n.1. *See also United States v. Hunter*, 770 F.3d 740, 745–46 (8th Cir. 2014) (applying *Alleyne* and holding that district courts may continue to impose career offender enhancements without having a jury determine the facts). Thus, based on the law of this circuit, the enhancement for a prior conviction need not be presented to a jury, and the Court's imposition of an enhanced sentence on this basis was proper. Moreover, the Government presented certified records in support of the prior conviction, thereby meeting its burden of proof.

Next, Movant maintains that the jury should have been required to find a specific drug amount attributed to him for purposes of sentencing and that counsel was ineffective for failing to object to the Court's imposition of a sentence without the jury having specifically attributed a drug quantity to him. However, *Alleyne* only applies to facts that increase the mandatory

8

minimum sentence, not to facts considered by the district court for sentencing within that range. *See United States v. Robinson*, 556 Fed. App'x 68, 70 (3d Cir. 2014) (holding that a district court "retained the ability to make factual findings necessary to calculate [the defendant's] advisory Sentencing Guidelines range" without submitting those questions to a jury); *United States v. Holder*, 549 Fed. App'x 214, 215 (4th Cir. 2014) (holding that "although judicially determined facts are no longer relevant after *Alleyne* to deciding the applicable mandatory minimum, the factual findings needed to calculate a defendant's advisory Guidelines range are still within the district court's province"); *United States v. Rodriguez*, 559 Fed. Appx. 332, 332-33 (5th Cir. 2014) (holding that a sentencing judge may find facts that do not change the minimum or maximum statutory ranges); *United States v. Baum*, 542 Fed. App'x 724, 727 (10th Cir. 2013) (holding the district court's factfinding for Guidelines purposes, without altering the mandatory minimum, was permissible under *Alleyne*).

Here, the jury found that the conspiracy as a whole involved five or more kilograms of cocaine, pursuant to the requirements of the statute. Thereafter, the Court—not the jury—must determine the exact drug quantity involved in the conspiracy and the amount attributable to certain defendants. The Court properly did so here, holding that the conspiracy involved 16.24 kilograms of cocaine, and Movant's part in the conspiracy involved at least 8.4 kilograms of cocaine. A more specific individualized assessment is not required, as Movant was responsible for any amounts handled by other Defendants as part of the conspiracy, nor is a factual determination by a jury necessary for the Court's determination.

The Court notes that the amounts attributable to each defendant was set forth in the PSR, to which Defendant filed no objection. Moreover, the evidence presented at trial supported the amounts attributed to Movant by the Court, and thus, any objection filed by Movant's trial

9

counsel would have been frivolous. Thus, Movant's claims that his trial counsel was ineffective for failing to raise violations of *Alleyne* during his sentencing proceedings are without merit, and thus, his claim for § 2255 habeas relief on these grounds will be denied.

## C. Violations Related to Movant's Cell Phone being Tracked by the Government (Claim 7)

Movant next complains that his attorney failed to make an objection "that the district court was without jurisdiction and violated the Separation of Powers" when it issued an order/warrant allowing the Government to track Movant's cell phone. However, the record demonstrates that Movant's attorney filed a motion to suppress evidence originating from Movant's cell phone at the trial court level. The Eighth Circuit held that although there were errors in the Government's application process, "the suppression of the evidence seized is not warranted, and the district court properly denied the motion." *United States v. Turner*, 781 F.3d 374, 385 (8th Cir. 2015).

Thus, Movant's § 2255 claim fails because his trial attorney did file a motion to suppress evidence obtained from tracking Movant's cell phone, and the denial of that motion was affirmed by the Eighth Circuit. To the extent Movant asserts a claim that his counsel should have made a different argument in his motion to suppress, or that appellate counsel should have raised different constitutional arguments on appeal, that claim also fails. Movant's alternative theory based on separation of powers and jurisdiction are not viable, and Movant offers no case law directly addressing the issue before the Court. Instead, he references cases originating from other districts containing dicta that cell technology has outpaced the legal standards to deal with them. (Doc. No. 26).

In any event, Movant cannot show prejudice because the Eighth Circuit reviewed the order/warrant and found it to be properly issued. Further, Movant's proposed strategy does not

10

constitute a plausible alternative defense strategy or tactic. *See Noe v. United States*, 601 F.3d 784, 790 (8th Cir. 2010) (holding that to establish ineffective assistance of counsel, the defendant must "identify a plausible alternative defense strategy or tactic that defense counsel might have pursued, show that the alternative strategy was objectively reasonable under the facts of the case, and establish that the defense counsel's failure to pursue that strategy or tactic was linked to the actual conflict" (quoting *Winfield v. Roper*, 460 F.3d 1026, 1039 (8th Cir. 2006))). Accordingly, Movant's seventh claim will be denied.

### D. Failure to Call Witnesses (Claim 8)

Movant argues that his trial counsel was ineffective for failing to call his co-defendants to testify on Movant's behalf. Movant claims that Dwayne Woods and Cemond Brooks would have testified that there was no conspiracy, that Movant was not part of any conspiracy, and that another witness lied about several drug-related transactions and exaggerated the drug amounts.

"The decision not to call a witness is a 'virtually unchallengeable' decision of trial strategy." *United States v. Staples*, 410 F.3d 484, 488 (8th Cir. 2005) (citation omitted). Furthermore, there is generally a considerable risk associated with calling co-defendants to testify because if a witness does not hold up well on cross-examination, jurors might draw unfavorable inferences against the party calling him. *Id.* at 489.

Here, Woods and Brooks both pled guilty to their offenses and signed written plea agreements admitting to their involvement in a conspiracy with Movant. Woods and Brooks would have faced a vigorous cross-examination, and there is a significant possibility that they would not have held up well in light of their plea agreements. Thus, the Court concludes that trial counsel was not ineffective for failing to call Woods and Brooks as witnesses in Movant's case, and therefore, this claim of ineffective assistance of counsel also fails.

11

### E. Evidentiary Hearing and Appointment of Counsel

Movant requests an evidentiary hearing on his claims. "A petitioner is entitled to an evidentiary hearing on a section 2255 motion unless the motion and the files and records of the case conclusively show that he is entitled to no relief." *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008) (internal quotation marks omitted). "No hearing is required, however, where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Id.* (internal quotation marks and citations omitted). Here, the record conclusively refutes Movant's claims, so the Court will deny his request for an evidentiary hearing.

Movant also requests the appointment of counsel, stating that he has no training, education or knowledge in the law to adequately represent himself. There is no constitutional right for a pro se habeas petitioner to have counsel appointed, although the Court has discretion to appoint counsel when necessary. *Morris v. Dormire*, 217 F.3d 556, 558-59 (8th Cir. 2000). Among the factors a court should consider in making this determination are the factual and legal complexity of the case, the ability of the petitioner to present the facts and his claims, and the degree to which the petitioner and the court would benefit from such an appointment. *Id.*

Upon review of the record, the Court does not believe that the appointment of counsel is warranted here. Movant has submitted several filings in support of his § 2255 motion, and they adequately presented his claims to the Court. Accordingly, Movant's motion to appoint counsel will be denied.

### IV. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) is **DENIED,** and his claims are **DISMISSED** with prejudice. An Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Movant cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See Cox v. Norris,* 133 F.3d 565, 569 (8th Cir.1997), *cert. denied,* 525 U.S. 834 (1998).

**IT IS FURTHER ORDERED** that Movant's motion to appoint counsel (Doc. No. 25) is **DENIED**.

Dated this 25th day of September, 2019.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　**JOHN A. ROSS**
　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**