# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| COREY E. TURNER, SR., | ) | |
| Movant, | ) | |
| vs. | ) | Case No. 1:16-cv-00130-JAR |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Movant Corey E. Turner, Sr.'s Motion for Reconsideration under Federal Rule of Civil Procedure 59(e). (Doc. 36).

### Background

On August 8, 2011, a Grand Jury in the Eastern District of Missouri, Southeastern Division, returned a 21-count indictment against Movant and several other defendants, charging them with various violations related to the distribution of, or possession with intent to distribute, cocaine base, including conspiracy. Movant stood trial with two other co-defendants, and on April 12, 2013, the jury returned a guilty verdict against each defendant on all pending charges.

The United States Probation Office prepared a Presentence Investigation Report ("PSR") which assigned Movant a base offense level of 38 pursuant to U.S.S.G. § 2Dl.l(c)(l) because his offense involved more than 8.4 kilograms of cocaine base. The PSR recommended a four-level enhancement for Movant because he was a leader, organizer or manager of a criminal activity with more than five participants and a two level enhancement for obstructing justice. These

1

enhancements raised his total offense level to 44, but the level was ultimately reduced to 43 which was the maximum total offense level.

At Movant's sentencing hearing the Court adopted a total offense level of 43 and a criminal history category of V, which yielded a guideline range of life imprisonment on Count I. Movant filed a direct appeal of his life sentence, which the Eighth Circuit affirmed on March 18, 2015. *United States v. Turner*, 781 F.3d 374 (8th Cir. 2015). Movant's request for rehearing was denied, as well as his request for certiorari review by the United States Supreme Court.

On June 16, 2016, Movant timely moved to vacate his sentence under 28 U.S.C. § 2255 alleging eight grounds of relief all based on ineffective assistance of trial counsel. (Doc. 1). On September 25, 2019, the Court denied Movant's § 2255 Motion and dismissed Movant's claims with prejudice. (Doc. 31). Movant requested that a notice of appeal be filed on his behalf with the Eighth Circuit. (Doc. 33). The Eighth Circuit later dismissed his appeal (Doc. 37) and denied Movant's petition for rehearing. (Doc. 39).

Movant now moves this Court to reconsider its denial of his § 2255 Motion. (Doc. 36). The Government filed its opposition on January 27, 2020, (doc. 41), and the Court received Movant's reply on February 25, 2020. (Doc. 43).[1] The matter is fully briefed and ready for disposition.

**Legal Standard**

"A district court has broad discretion in determining whether to grant or deny a motion to

---

[1] On February 18, 2020, the Court issued a ruling on Movant's motion before it was in receipt of his reply. (Doc. 42). Although Movant's reply arrived more than three weeks after the Government filed its opposition, the Court found that it was timely under the prison mailbox rule because Movant's certificate of service and the attached envelope were dated within ten days of the opposition being filed. (Doc. 44). As a result, the Court vacated its prior ruling so that it could consider the arguments raised in Movant's reply.

alter or amend judgment pursuant to Rule 59(e)." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). "Rule 59(e) motions serve the limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.'" *Id*. (quoting *Innovative Home Health Care v. P. T.-O. T. Assoc. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998)).

**Analysis**

Upon review, the Court finds that Movant presents no new facts or evidence in support of reconsideration. Instead, he asserts that the Court failed to address or misapplied the law to a number of his ineffective assistance of counsel claims. The Court thoroughly analyzed the arguments that Plaintiff presented in his § 2255 motion and has carefully considered the arguments he presents now for reconsideration. The Court finds that Movant has failed to demonstrate that the Court's denial of his § 2255 Motion was based on a manifest error of law or fact. Fed. R. Civ. P. 59(e). The Court will therefore deny his Motion for Reconsideration.

Accordingly,

**IT IS HEREBY ORDERED** that Movant Corey Turner, Sr.'s Motion for Reconsideration under Federal Rule of Civil Procedure 59(e) (Doc. 36), is **DENIED**.

Dated this 26th day of March, 2020.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE