UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| COREY E. TURNER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:16-CV-00130 JAR |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This closed federal habeas matter under 28 U.S.C. § 2255 is before the Court on Petitioner Corey Turner's ("Petitioner") Motion for Certificate of Appealability (Doc. No. 52), Motion for Relief from Judgment and Order Under Rule 60(b)(6), (Doc. No. 53), his Motion to Reinstate Appeal (Doc. No. 54), and his Motion for Rule 60(b) Evidentiary Hearing, (Doc. No. 55). The motions are ready for disposition.

**Background**

On August 8, 2011, a Grand Jury in the Eastern District of Missouri, Southeastern Division, returned a 21-count indictment against Movant and several other defendants, charging them with various violations related to the distribution of, or possession with intent to distribute, cocaine base, including conspiracy. Movant stood trial with two other co-defendants, and on April 12, 2013, the jury returned a guilty verdict against each defendant on all pending charges.

The United States Probation Office prepared a Presentence Investigation Report ("PSR") which assigned Movant a base offense level of 38 pursuant to U.S.S.G. § 2D1.1(c)(1) because his offense involved more than 8.4 kilograms of cocaine base. The PSR recommended a four-level enhancement for Movant because he was a leader, organizer or manager of a criminal activity with

more than five participants and a two-level enhancement for obstructing justice. These enhancements raised his total offense level to 44, but the level was ultimately reduced to 43 which was the maximum total offense level.

At Movant's sentencing hearing the Court adopted the PSR and found a total offense level of 43 and a criminal history category of V, which yielded a guideline range of life imprisonment on Count I. Movant filed a direct appeal of his life sentence, which the Eighth Circuit affirmed on March 18, 2015. United States v. Turner, 781 F.3d 374 (8th Cir. 2015). Movant's request for rehearing was denied, as well as his request for certiorari review by the United States Supreme Court.

On June 16, 2016, Movant timely moved to vacate his sentence under 28 U.S.C. § 2255 alleging eight grounds of relief all based on ineffective assistance of trial counsel. (Doc. No. 1). On September 25, 2019, the Court denied Movant's § 2255 Motion and dismissed Movant's claims with prejudice. (Doc. No. 31). Movant requested that a notice of appeal be filed on his behalf with the Eighth Circuit. (Doc. No. 33). The Eighth Circuit later dismissed his appeal and denied Movant's petition for rehearing. (Doc. Nos. 37, 39). Movant also filed a Motion for Reconsideration under Federal Rule of Civil Procedure 59(e). (Doc. No. 36). This Court denied that motion, and Petitioner moved for reconsideration of the denial. (Doc. Nos. 42, 43). His motion was denied. (Doc. No. 45). Petitioner filed a motion requesting the Eighth Circuit review the denial of the 59(e) Motion, which the Eighth Circuit construed as a Motion for Certificate of Appealability and denied. (Doc. Nos. 46, 50).

Movant has now filed a series of motions: 1), a Motion for Certificate Appealability of both the initial denial of his § 2255 Motion and the denial of his Motion for Reconsideration under Rule 59(e); 2) a Motion for Relief pursuant to Rule 60(b); 3) a motion titled "Motion to Reinstate

Appeal" and; 4) a Motion for a Rule 60(b) Evidentiary Hearing, (Doc. Nos. 52-55). For the reasons set forth below, this Court will deny all of Petitioner's motions.

I. **Motion for Certificate of Appealability and Motion to Reinstate Appeal**

Movant has filed motions for a certificate of appealability of this Court's denial of his § 2255 Motion and the denial of his Motion for Reconsideration. (Doc. No. 52). He also filed a motion titled "Motion to Reinstate Appeal," asking this court to reinstate his Application for Certificate of Appealability before the Eighth Circuit. (Doc. No. 54). This Court has already determined that Movant cannot make the showing necessary for the Court to issue a certificate of appealability of its denial of Movant's § 2255 Motion. (Doc. No. 31). The Eighth Circuit, construing Movant's Notice of Appeal of this Court's denial of his Motion for Reconsideration under Rule 59(e) as an application for a certificate of appealability, also denied that motion. (Doc. No. 50). Movant's Motion for Certificate of Appealability and Motion to Reinstate Appeal are therefore both denied for the reasons previously stated.

II. **Rule 60(b) Motion and Motion for Evidentiary Hearing**

A. **Standard of Review**

A court may grant relief under Rule 60(b)(6) for "any other reason that justifies relief" when a motion is made "within a reasonable time." Fed. R. Civ. P. 60(b)(6). Petitioners sometimes request relief under Rule 60(b) when the motion is more properly characterized as a successive § 2254 petition. See, e.g., Boyd v. United States, 304 F.3d 813, 814 (8th Cir. 2002). However, a state prisoner may file a second or successive motion under § 2254 only after obtaining authorization to do so from the appropriate United States Court of Appeals. 28 U.S.C. § 2244(b)(3). Where a prisoner files a Rule 60(b) motion following the dismissal of a habeas petition, the district court must determine whether the allegations in the Rule 60(b) motion in fact amount to a second or

successive collateral attack under 28 U.S.C. § 2254. Boyd, 304 F.3d at 814. If the Court determines a Rule 60(b) motion to be a second or successive habeas petition, the Court must dismiss it for failure to obtain authorization from the Court of Appeals, or alternatively transfer the motion to the Eighth Circuit. Id. "It is well-established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 ... action by purporting to invoke some other procedure." United States v. Lambros, 404 F.3d 1034, 1036 (8th Cir. 2005).

A Rule 60(b) motion is considered a second or successive habeas petition if it contains a "claim." Ward v. Norris, 577 F.3d 925, 933 (8th Cir. 2009). A Rule 60(b) motion contains a claim if it "seeks to add a new ground for relief" or "attacks the federal court's previous resolution of a claim on the merits." Gonzalez v. Crosby, 545 U.S. 524, 532 (2005). A petitioner may use a Rule 60(b) motion to challenge a procedural ruling of the habeas court or a defect in the integrity of his federal habeas proceedings, but a motion attacking the merits of the denial of a claim in a prior habeas proceeding or asserting or reasserting a federal basis for relief from the underlying conviction must be treated as a second or successive section habeas petition. Id. at 530-32.

### B. Discussion

After careful review of the Court's previous decision on Movant's habeas petition and the present Rule 60(b)(6) motion, the Court concludes that Movant's motion is improper. Movant is attempting to reargue points he has already raised and the Court has already ruled on. He has presented no new evidence and no new arguments for the Court to consider. Movant's argument is not appropriate for a Rule 60(b)(6) motion and will be denied for the reasons previously stated.

Furthermore, relief under Rule 60(b)(6) is only available in "extraordinary circumstances," Gonzalez, 545 U.S. at 535, and Movant has failed to present any such circumstances. Because

Petitioner's motion under Rule 60(b)(6) is dismissed, his motion for a Rule 60(b) Evidentiary Hearing is denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Relief from Judgment and Order Under Rule 60(b)(6) [53] is **DENIED** to the extent the motion is treated as a Rule 60(b) motion, and **DISMISSED** for lack of jurisdiction as a second or successive habeas petition in all other respects.

**IT IS FURTHER ORDERED** that Petitioner's Motion for a Rule 60(b) Evidentiary Hearing [55] is **DISMISSED** as moot.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Certificate of Appealability [52] is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion titled "Motion for Reinstatement of Appeal" [54] is **DENIED**.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of December, 2020.